UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REAL A. BUREAU, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-cv-11706-LTS |
| DEPARTMENT OF CORRECTION, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

February 4, 2021

SOROKIN, D.J.

On January 15, 2021, Defendants filed a Motion to Dismiss this case (Doc. No. 17). To date, Plaintiff has not responded or requested an extension of time to respond. Plaintiff is hereby ORDERED to respond to the Motion to Dismiss by February 25, 2021, or face dismissal of this case.

This Court "has inherent power to dismiss case[s] *sua sponte* for failure to prosecute," so as to facilitate "the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) (citing, *inter alia*, Link v. Wabash R. Co., 370 U.S. 626, 631-32 (1962)). "Claims that a court has abused its discretion in dismissing a case for . . . failure to prosecute have not received a sympathetic ear . . . ." Vazquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) (citations and internal quotation marks omitted).

"Moreover, in the federal system the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (citing Fed. R. Civ. P. 37(b), 41(b)). "[D]isobedience of court orders

1

is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Id. (citations omitted). "[A] finding of bad faith is not a condition precedent to imposing a sanction of dismissal," and such sanction will be "reviewed only for abuse of discretion," with the "sanctioned litigant bear[ing] a weighty burden in attempting to show that an abuse occurred." Id. at 81-82 (citations and internal quotation marks omitted).

**Accordingly, the Court ORDERS Plaintiff to file a response to the Motion to Dismiss by February 25, 2021.** If Plaintiff fails to do so, the Court will dismiss this action.

The Clerk shall mail this Order to Plaintiff, in addition to placing it on the case's ECF docket.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge